07 CV 5787

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Judge Berman

------------------------------------------------------- X

GUGLIELMO PERNIS

Civil Action No. _____

Plaintiffs,

-against-

COMPLAINT

RICHTER + RATNER CONTRACTING CORP.

**JURY DEMAND MADE**

Defendant.

JUN 1 9 2007
U.S.D.C. S.D.N.Y
CASHIERS

------------------------------------------------------- X

Plaintiff, Guglielmo Pernis by his attorney Zeynel Karcioglu, alleges on knowledge as to his own acts and otherwise on information and belief as follows:

### Jurisdiction

1.   The court has jurisdiction over this matter under 28 U.S.C. § 1332, as the parties to this action are diverse and the amount in controversy is in excess of $75,000, exclusive of costs and interest.

### The Parties

2.   Plaintiff, Guglielmo Pernis ("Pernis") is an individual, and a resident and citizen of the State of California.

3.   Upon information and belief, Defendant Richter + Ratner Contracting Corp. ("Richter + Ratner") is a corporation formed under the laws of New York, and has its principal place of business in New York City, New York.

### Venue

4.   Venue is properly laid in this court under 28 U.S.C. § 1391, as the defendant resides in New York County.

### General Allegations

5.    Plaintiff is in the business of sales and marketing.

6.    Upon information and belief, Defendant provides general contracting and construction management services.

7.    Upon information and belief, among the services Defendant provides is the provision of construction services in connection with retail stores for clients that sell luxury brand clothing and apparel.  Many of these luxury retailers are foreign companies with headquarters overseas.

8.    In or about the year 2000, Defendant entered into a contract with Plaintiff, the terms of which provided that Plaintiff would perform marketing and sales services for Defendant's benefit, and in consideration for Plaintiff's services, Defendant agreed to pay to Plaintiff one (1%) percent of all gross receipts that Defendant received from each client that Plaintiff introduced to Defendant (this contract is hereinafter referred to as the "Agreement.")

9.    Over the next several years, Plaintiff successfully marketed to, and formed relationships with several companies that he introduced to Defendant.

10.    Plaintiff's performance marketing and sales services under the Agreement resulted in several new clients for Defendant, who paid Plaintiff in accordance with the Agreement, i.e. for each client Plaintiff introduced to Defendant, Plaintiff was paid one (1%) percent of the gross receipts Defendant received from that client.

11.    Clients that Plaintiff introduced to Defendant under the Agreement include: Ermenegildo Zegna, Roberto Cavalli, Bally, Bulgari, L.V.M.H., Richemont, Camper, IT Holding, Lanvin, Pringle of Scotland, Mango of Spain, ST Dupont, Marzsotto Corp./ Valentino of Italy, Charme Group / Ballantyne, Cole Haan, Ted Baker, Etro, Miss Sixty, Trussardi, Tod's, Bally, Marc Jacobs, their subsidiaries, related companies and others.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

12. Plaintiff repeats and realleges paragraphs 1 through 11 above with the same force and effect as if set forth in full herein.

13. At all times relevant to this action, Plaintiff satisfied all of his obligations under the Agreement.

14. As a result of Plaintiff's services, several companies were introduced to Defendant by Plaintiff, and many of these companies became Defendant's clients.

15. Upon information and belief, Defendant performs construction services for several of the companies that Plaintiff introduced to Defendant, and will continue to do so in the future.

16. Upon information and belief, Defendant receives gross revenues for the services it performs for clients originally introduced by Plaintiff.

17. Under the terms of the Agreement, Defendant is obligated to pay Plaintiff one (1%) percent of the gross receipts it receives from all Defendant's clients who were introduced to Defendant by Plaintiff under the Agreement.

18. Up until December 2006, Defendant paid Plaintiff the monies due him under the Agreement.

19. On or about April 9, 2007, Defendant notified Plaintiff that it would no longer pay Plaintiff under the terms of the Agreement.

20. Defendant has breached the terms of the Agreement by failing to pay to Plaintiff any monies due under the Agreement since December 2006.

21. As a direct result of Defendant's willful failure and refusal to perform, and its repudiation of the Agreement, Plaintiff has been damaged to date in an amount no less than

eighty-five thousand ($85,000.00) dollars, and will be damaged in an amount no less than eight

hundred thousand ($800,000.00), or some other amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

22.     Plaintiff repeats and realleges paragraphs 1 through 21 above with the same force

and effect as if set forth in full herein.

23.     At all times relevant to this action, Plaintiff has performed services for the benefit

of Defendant, at his own expense of time, effort, and labor.

24.     Defendant has been, and continues to be, enriched by Plaintiff's performance of

services, at Plaintiff's expense.

25.     The principles of equity and good conscience dictate that Defendant not be

permitted to withhold and retain the benefits conferred upon it by Plaintiff, accordingly, Plaintiff

seeks recovery from the plaintiff in an amount not less than eight hundred ($800,000.00) dollars,

or some other amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### (Specific Performance)

26.     Plaintiff repeats and realleges paragraphs 1 through 25 above with the same force

and effect as if set forth in full herein.

27.     At all times relevant to this action, Plaintiff performed services under the

Agreement.

28.     Upon information and belief, Defendant continues to perform services for, and

receive revenue from the clients introduced to it by Plaintiff.

29.     Defendant has denied that Plaintiff is due further payments under the Agreement,

despite the fact that Plaintiff performed all of his obligations under the Agreement.

30. There is an actual controversy existing between Plaintiff Pernis and the Defendant, who continues to be enriched by the services performed by Plaintiff, and who is refusing to compensate Plaintiff.

31. Pernis has been damaged by Defendant's wrongful failure to honor the terms of the Agreement, and has no adequate remedy at law.

32. In light of the foregoing, Plaintiff seeks specific performance of the Agreement on the part of Defendant.

WHEREFORE, Plaintiff prays for judgment and relief as follows:

A) On the First Claim for Relief, that Plaintiff Guglielmo Pernis be awarded the sum of eight hundred thousand ($800,000.00) dollars, or one (1%) of the gross revenues to Defendant by Defendant's clients that Plaintiff introduced under the terms of the Agreement, whichever is greater, and interest thereon;

B) On the Second Claim for Relief, that Plaintiff Guglielmo Pernis be awarded the sum of eight hundred thousand ($800,000.00) dollars, or one (1%) of the gross revenues to Defendant by Defendant's clients that Plaintiff introduced under the terms of the Agreement, whichever is greater, and interest thereon;

C) On the Third Claim for Relief, that the Agreement be declared by this Court to be in full force and effect, and

  i. that Defendant, along with its officers, employees, agents, servants, attorneys and those persons in active concert, privity or participation with them, or any of them, or any of their successors or assigns be ordered to pay Plaintiff one (1%) percent of gross revenues received

by Defendant's clients introduced to it by Plaintiff; such payment to be
made within fifteen (15) days that Defendant receives such revenues,
and

ii. that Defendant along with its officers, employees, agents, servants,
attorneys and those persons in active concert, privity or participation
with them, or any of them, or any of their successors or assigns be
required to account to Plaintiff for Defendant's revenues every three
months, or upon five (5) days written notice to Defendant by Plaintiff.

D) That Plaintiff recover all damages arising out of the foregoing acts
constituting breach of contract; as well as interest thereon;

E) That Plaintiff have and recover the taxable costs and expenses of this action,
as well as reasonable attorneys fees;

F) That Plaintiff have such other and further relief as the Court may seem just
and equitable.

Dated: June 19, 2007
New York, New York

By:_____
Zeynel Karcioglu (ZK 7931)
Attorney for Plaintiffs
36 East 20th Street 6th Floor
New York, New York 10003
(212) 505 - 6933