UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GUGLIELMO PERNIS,                                  :        Civil Action No.:
                                                   :        07 CV 5787(RMB)
                Plaintiff,                       :
                                                   :        ANSWER
           -against-                              :
                                                   :
RICHTER + RATNER CONTRACTING CORP.,                :
                                                   :
                Defendant.                      :
                                                   :
-------------------------------------------------------------X

Defendant Richter + Ratner Contracting Corp. ("Defendant") for its answer to the Complaint of plaintiff Guglielmo Pernis ("Plaintiff"), dated June 19, 2006, responds as follows:

## JURISDICTION

1.    States that the allegations in paragraph 1 of the Complaint assert legal arguments and conclusions, as to which no responsive pleading is required.

## PARTIES

2.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 2 of the Complaint concerning Plaintiff's residency, and therefore denies such allegation.

3.    Admits the allegations in paragraph 3 of the Complaint.

## VENUE

4.    The allegations in paragraph 4 assert a legal argument and conclusion, as to which no responsive pleading is required.

## **GENERAL ALLEGATIONS**

5. Denies knowledge or information sufficient to form a belief as to the allegation in paragraph 5 of the Complaint concerning Plaintiff's "business;" and therefore denies such allegation.

6. Admits the allegations in paragraph 6 of the Complaint.

7. Denies the allegations in paragraph 7 of the Complaint except admits that while Plaintiff was employed by Defendant, Defendant, among other things, provided some construction services to clients in many sectors, including luxury retail stores.

8. Denies the allegations in paragraph 8 of the Complaint, except admits that in or about 2000, Defendant and Plaintiff had entered into an employment agreement, which provided for, among other things, commission payments to Plaintiff in an amount equal to one percent (1%) of gross receipts from clients that Plaintiff introduced to Defendant. Defendant further avers that Defendant and Plaintiff entered into another employment agreement dated May 21, 2004 which provided that in consideration of Plaintiff's employment he would receive a salary and, in addition, "all work done exclusively for Richter + Ratner is to be compensated by a straight commission percentage of one percent (1%) to be calculated on the Gross (total) billings paid to Richter + Ratner, inclusive of change orders" by certain delineated companies.

9. Denies the allegations in paragraph 9 of the Complaint, except admits that while employed by Defendant, Plaintiff introduced certain companies to Defendant.

10. Denies the allegations contained in paragraph 10, except admits that in accordance with the employment agreement, Defendant paid Plaintiff commissions equal

to one percent (1%) of the gross receipts Defendant received from clients introduced to it by Plaintiff.

11.     Denies the allegations contained in paragraph 11 of the Complaint.

### FIRST CLAIM FOR RELIEF
(Breach of Contract)

12.     Repeats and realleges the responses to paragraphs 1 through 11 of the Complaint as if fully set forth herein.

13.     Denies the allegations contained in paragraph 13 of the Complaint.

14.     Denies the allegations contained in paragraph 14 of the Complaint, except admits that while employed by Defendant, Plaintiff introduced certain companies to Defendant, some of which Defendant serviced.

15.     Denies the allegations contained in paragraph 15 of the Complaint.

16.     Denies the allegations contained in paragraph 16 of the Complaint.

17.     Denies the allegations contained in paragraph 17 of the Complaint.

18.     Denies the allegations contained in paragraph 18 of the Complaint, except admits that Defendant paid commission to plaintiff while we has employed, and thereafter voluntarily made payments to Plaintiff through December 2006, based on Plaintiff's misrepresentation to Defendant.

19.     Denies the allegations contained in paragraph 19 of the Complaint, except admits that on or about April 9, 2007 Defendant notified Plaintiff, among other things, that his right to payment ended when his employment terminated and that it would make no further payments to Plaintiff.

20.     Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies each and every allegation in paragraph 21 of the Complaint. The allegations in the paragraph 21 represent Plaintiff's prayer for relief, as to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever in this action, including, but not limited to, that relief requested in paragraph 21.

**SECOND CLAIM FOR RELIEF**
(Unjust Enrichment)

22. Repeats and realleges the responses to paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies each and every allegation in paragraph 25 of the Complaint. The allegations in paragraph 25 represent Plaintiff's prayer for relief, as to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever in this action, including, but not limited to, that relief requested in paragraph 25.

**THIRD CLAIM FOR RELIEF**
(Specific Performance)

26. Repeats and realleges the responses to paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint, except admits that Defendant has denied that Plaintiff is due further payments under his now-terminated employment agreement.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. The allegations in paragraph 32 represent a prayer for relief to which no response is required. To the extent that a response is required, Defendant denies each and every allegation contained therein and denies that Plaintiff is entitled to any relief whatsoever in this action, including, but not limited to, that relief requested in paragraph 32.

**PRAYER FOR RELIEF**

33. The allegations in the paragraph entitled "Prayer for Relief" of the Complaint represent Plaintiff's prayers for relief, as to which no response is required. To the extent that a response is required, Defendant denies each and every allegation contained therein and denies that Plaintiff is entitled to any relief whatsoever in this action, including, but not limited to, that relief requested in paragraphs (A) through (F) (including but not limited to any subparagraphs thereof).

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

34. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

35. Plaintiff was an employee of Defendant with an employment agreement providing for base salary and commissions.

36. Plaintiff's employment terminated on or about April 2006.

37. In accordance with the terms of Plaintiff's employment contract with Defendant, Defendant had no obligation to pay Plaintiff post-termination commissions.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

38. Plaintiff's claim for equitable relief is barred by his own unclean hands.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

39. If Plaintiff sustained any of the damages alleged, such damages were caused by his own conduct.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff failed to mitigate or reduce his damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, release, estoppel, accord and satisfaction and/or laches.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

42. Plaintiff's claim for unjust enrichment is barred by the existence of his employment agreement.

Dated:  New York, New York
        August 13, 2007

/s/ Laura B. Hoguet
_____
Laura B. Hoguet (LH-7485)
Randi Seltzer May  (RSM-7115)
Hoguet Newman Regal & Kenney, LLP
10 East 40th Street
New York, New York 10016
(212) 689-8808
*Counsel for Defendant Richter + Ratner Contracting Corp.*