UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GUGLIELMO PERNIS,                                   :    Civil Action No.:
                                                    :    07 CV 5787(RMB)
                Plaintiff,              :
                                                    :    **AMENDED ANSWER**
       -against-                                   :
                                                    :
RICHTER + RATNER CONTRACTING CORP.,                 :
                                                    :
                Defendant.              :
                                                    :
-----------------------------------------------------------------X

Defendant Richter + Ratner Contracting Corp. ("Defendant") for its Amended Answer to the Complaint of plaintiff Guglielmo Pernis ("Plaintiff"), dated June 19, 2006, responds as follows:

### JURISDICTION

1.     States that the allegations in paragraph 1 of the Complaint assert legal arguments and conclusions, as to which no responsive pleading is required.

### PARTIES

2.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 2 of the Complaint concerning Plaintiff's residency, and therefore denies such allegation.

3.     Admits the allegations in paragraph 3 of the Complaint.

### VENUE

4.     The allegations in paragraph 4 assert a legal argument and conclusion, as to which no responsive pleading is required.

## GENERAL ALLEGATIONS

5. Denies knowledge or information sufficient to form a belief as to the allegation in paragraph 5 of the Complaint concerning Plaintiff's "business," and therefore denies such allegation.

6. Admits the allegations in paragraph 6 of the Complaint.

7. Denies the allegations in paragraph 7 of the Complaint, except admits that while Plaintiff was employed by Defendant, Defendant, among other things, provided some construction services to clients in many sectors, including luxury retail stores.

8. Denies the allegations in paragraph 8 of the Complaint, except admits that in or about 2000, Defendant and Plaintiff entered into an employment agreement, which was reflected in a 2004 written agreement attached hereto as Exhibit 1 (the "Agreement"), and that, pursuant to the Agreement, Defendant's compensation consisted of a salary plus benefits and a "straight commission percentage of one percent (1%) to be calculated on the Gross (total) billings paid to Richter + Ratner, inclusive of change orders" by certain delineated companies.

9. Denies the allegations in paragraph 9 of the Complaint, except admits that while employed by Defendant, Plaintiff introduced certain companies to Defendant.

10. Denies the allegations contained in paragraph 10, except admits that in accordance with the Agreement, Defendant paid Plaintiff commissions equal to one percent (1%) of the gross receipts Defendant received from clients introduced to it by Plaintiff.

11. Denies the allegations contained in paragraph 11 of the Complaint.

## **FIRST CLAIM FOR RELIEF**
(Breach of Contract)

12. Repeats and realleges the responses to paragraphs 1 through 11 of the Complaint as if fully set forth herein.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint, except admits that while employed by Defendant, Plaintiff introduced certain companies to Defendant, some of which Defendant serviced.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint, except admits that Defendant paid commission to plaintiff while we has employed, and thereafter voluntarily made payments to Plaintiff through December 2006, based on Plaintiff's misrepresentation to Defendant.

19. Denies the allegations contained in paragraph 19 of the Complaint, except admits that on or about April 9, 2007 Defendant notified Plaintiff, among other things, that his right to payment ended when his employment terminated and that it would make no further payments to Plaintiff.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies each and every allegation in paragraph 21 of the Complaint. The allegations in the paragraph 21 represent Plaintiff's prayer for relief, as to which no response is required. To the extent a response is required, Defendant denies that Plaintiff

is entitled to any relief whatsoever in this action, including, but not limited to, that relief requested in paragraph 21.

## SECOND CLAIM FOR RELIEF
(Unjust Enrichment)

22. Repeats and realleges the responses to paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies each and every allegation in paragraph 25 of the Complaint. The allegations in paragraph 25 represent Plaintiff's prayer for relief, as to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever in this action, including, but not limited to, that relief requested in paragraph 25.

## THIRD CLAIM FOR RELIEF
(Specific Performance)

26. Repeats and realleges the responses to paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint, except admits that Defendant has denied that Plaintiff is due further payments under his now-terminated Agreement.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. The allegations in paragraph 32 represent a prayer for relief to which no response is required. To the extent that a response is required, Defendant denies each and every allegation contained therein and denies that Plaintiff is entitled to any relief whatsoever in this action, including, but not limited to, that relief requested in paragraph 32.

## PRAYER FOR RELIEF

33. The allegations in the paragraph entitled "Prayer for Relief" of the Complaint represent Plaintiff's prayers for relief, as to which no response is required. To the extent that a response is required, Defendant denies each and every allegation contained therein and denies that Plaintiff is entitled to any relief whatsoever in this action, including, but not limited to, that relief requested in paragraphs (A) through (F) (including but not limited to any subparagraphs thereof).

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

34. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

35. Plaintiff was an employee of Defendant and received a base salary and commissions in accordance with the Agreement.

36. Plaintiff's employment terminated on or about April 2006.

37. In accordance with the terms the Agreement with Defendant, Defendant had no obligation to pay Plaintiff post-termination commissions.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

38. Plaintiff's claim for equitable relief is barred by his own unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

39. If Plaintiff sustained any of the damages alleged, such damages were caused by his own conduct.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff failed to mitigate or reduce his damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, release, estoppel, accord and satisfaction and/or laches.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

42. Plaintiff's claim for unjust enrichment is barred by the existence of his employment agreement.

Dated: New York, New York
       August 15, 2007

/s/ Laura B. Hoguet
_____
Laura B. Hoguet (LH-7485)
Randi Seltzer May (RSM-7115)
Hoguet Newman Regal & Kenney, LLP
10 East 40th Street
New York, New York 10016
(212) 689-8808
*Counsel for Defendant Richter + Ratner Contracting Corp.*

# EXHIBIT 1

# R+R

Richter+Ratner

May 21, 2004

Agreement between Richter+Ratner and Mr. Guglielmo Pernis

Michael Ratner, president of Richter+Ratner Contracting Corporation, and Guglielmo Pernis, client development manager, confirm in presence of the chief financial officer, Mr. John Bové, that the compensation agreement for Mr. Pernis is composed of:

A base gross annual salary of $40,000, plus employment group benefits, effective June 1, 2004. The base is intended to compensate Mr. Pernis for the marketing functions performed on behalf of R+R.

Additionally, a commission agreement, entered into between Michael Ratner and Guglielmo Pernis in the Year 2000 whereby all of the work done by Guglielmo Pernis exclusively on behalf of Richter+Ratner is to be compensated by a straight commission percentage of 1% (one percent) to be calculated on the Gross (total) billings paid to Richter+Ratner, inclusive of change orders, by the following Companies and /or their subsidiaries for specific clients as follows for commission:

- Ermenegildo Zegna
- Roberto Cavalli
- Bally
- Bulgari Jewelers
- L.V.M.H. and its subsidiaries
- Richemont and its subsidiaries
- Camper
- IT Holding and its subsidiaries
- Lanvin
- Pringle of Scotland
- Mango of Spain
- ST Dupont
- Marzotto Corp. / Valentino of Italy
- Charme Group / Ballantyne
- Cole Haan
- Ted Baker – S.F.
- Etro
- Miss Sixty
- Trussardi
- Tod's
- And others to be jointly determined in June, 2004

*[handwritten additions:]* CUSTO, INDIA WITHOUT (?), GAP PARIS, SWATCH OMEGA

State of NY
County of Queens
Sworn to me this ___ of May 2004.

*Marilyn J. Rivera*
Notary Public

MARILYN J. RIVERA
Notary Public, State of New York
No. 01RI6029571
Qualified in Queens County
Commission Expires ___

Contracting Corporation    55-05 Flushing Avenue    Maspeth, New York 11378    Telephone ___

July 24, 2004

Att:

Mr. John Bove
Chief Financial Officer
RICHTER & RATNER
Contracting Corporation
55-05 Flushing Ave.
MASPETH, N.Y. 11378

Cc: Mr. Michael Ratner
President
Cc: Mr. Salvatore Caiola
Director of Construction

Gentlemen;

Further to our meeting on May 20, 2004 and in reference to the compensation Agreement between myself and RICHTER & RATNER, I am bringing to your attention that commissions I have earned for the work performed on behalf of R & R, are now due on some of the Customers listed on said Agreement.

It is my understanding that RICHTER & RATNER will soon receive the final payments from the following Customers: ERMENEGILDO ZEGNA ( N.Y. -Flagship), BULGARI ( Chicago -Flagship), TED BAKER ( San Francisco -Flagship), CAMPER ( N.Y. -Outlet), MARC JACOBS ( cabinet work ), TOD'S (Chicago).

RICHTER & RATNER has already been engaged by other Customers listed on the Agreement and I am currently working on procuring to the Firm other important Contracts. In addition, I have been asked to attend to other corporate Client management tasks. My commitment to the Firm's required tasks is always prompt and the performance effective.

I kindly request therefore, that I am now provided, at your earliest convenience, with the customary accounting statements of the due sums and the approximate date(s) I can expect the payments.

I thank you in advance for your courteous cooperation on this matter.

Sincerely yours,

Guglielmo Pernis
Director of European Marketing

FROM :                                 FAX NO. :                      Mar. 27 2003 10:03AM P1

06/08/04

Attention:
Mr. Frank WOLTER
Accounting
RICHTER & RATNER
Fax 1-718-3818579

Cc: Mr. Mike RATNER
President
  Mr. John BOVE
CFO
RICHTER & RATNER

Ref: European Trip Expense Reimbursement

As per my agreement with Mike Ratner and following our conversation today with you and Mike would you ,please, proceed to issue three separate checks of reimbursement of the expenses I incurred in my 68 days of traveling to Europe on behalf of RICHTER & RATNER in my function as Director of European Marketing.

Check A )            $ 8550       Food & Client P.R.

Check B )            $ 8775       Telephone

The expenses I incurred above are not subject to an accountable plan and I assume the full responsibility for the taxes.

Check C)             $ 200        Airline Ticket charge

The original Passenger Receipt for this Ticket has been provided to you in my latest correspondence to John and is to be considered as an expense accounted for.

Please confirm to me by e-mail at gpernis@richterratner.com when I can expect this payment. Please take into account that I am under severe cash flow constraints in this respect since the above funds were in effect advanced by me to the Company due to the insufficient funding programmed for such a lengthy trip.

I thank you for a prompt attention to this urgent matter.

Sincerely yours;

Guglielmo Pernis