

# NEWMAN REGAL & KENNEY, LLP
ATTORNEYS AT LAW
10 EAST 40th STREET
NEW YORK, NEW YORK 10016

TEL (212) 689-8808
FAX (212) 689-5101
www.hnrklaw.com

LAURA B. HOGUET
FREDRIC S. NEWMAN
DOROTHEA W. REGAL
JOHN J. KENNEY
JOSHUA D. RIEVMAN
SHERYL B. GALLER
IRA J. LIPTON

KATHLEEN L. LOWDEN
RANDI B. MAY
LAURA M. MIDWOOD
E. ANNE MUSELLA
JUAN A. SKIRROW
JASON R. STOWE

OF COUNSEL:
    EDNA R. SUSSMAN
    TAI-HENG CHENG

**MEMO ENDORSED**
p.3

August 15, 2007

**By Hand**

Hon. Richard M. Berman
United States District Judge
United States District Court
Southern District of New York
United States Courthouse
40 Centre Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/16/07
```

Re:   Guglielmo Pernis v. Richter + Ratner Contracting Corp.
      Index No. 07 CV 5787

Dear Judge Berman:

   This firm represents defendant Richter + Ratner Contracting Corp. We write to request a pre-motion conference, in accordance with Your Honor's Individual Practices, concerning defendant's proposed motion to dismiss this action on the pleadings pursuant to Rule 12(c).

   Simply stated, this is a former employee's diversity action to recover sales commissions. New York law is clear that a former employee has no right to post-termination commissions unless his employment agreement so provides, which the agreement in this case does not. Plaintiff's claim is, therefore, doomed to defeat, and an

HOGUET NEWMAN REGAL & KENNEY, LLP

Honorable Richard Berman
August 15, 2007
Page 2

expeditious decision on this issue will save effort and expense on the part of the parties as well as the Court.

The Complaint, served July 5, 2007 and attached hereto as Exhibit A, alleges in ¶8 that plaintiff Guglielmo Pernis entered into a contract to perform marketing and sales services for the benefit of defendant, a construction management firm, in exchange for a 1% sales commission. The Complaint further alleges, in ¶¶18-19, that defendant paid the commissions through 2006 but then ceased to do so.

Defendant's amended Answer, served August 15, 2007 and attached hereto as Exhibit B, shows that the parties' written agreement (which was *not* attached to the Complaint but *is* attached to the amended Answer as Exhibit 1) is an employment contract which provided for plaintiff Pernis to earn, as compensation for his services, a salary and benefits, plus a 1% commission on sales to identified companies. The Answer further alleges, in ¶36, that plaintiff's employment terminated April 5, 2006. The commissions which the Complaint seeks in this action to recover were allegedly payable commencing in 2007, which is to say, well after the termination of plaintiff's employment.

New York law is well settled that an employee is not entitled to post-termination commissions unless the parties' agreement expressly so provides. See, e.g., Frishberg v. Esprit de Corp., 778 F.Supp. 93 (S.D.N.Y. 1991); Zaveri v. Rosy Blue, Inc., 4 A.D.3d 146, 771 N.Y.S.2d 517 (1st Dept. 2004). The agreement upon which plaintiff sues here contains no provision for post-termination commissions and, therefore, they are not recoverable in this action.

Though plaintiff did not attach the parties' agreement to the Complaint, the Complaint refers to and relies upon the agreement, which may therefore be considered as incorporated in the Complaint for the purposes of a Rule 12(b)(6) motion. Chambers v. Time Warner, Inc., 282 F.3d 147 (2d Cir. 2002). Plaintiff may have thought that omitting from the Complaint the additional fact that his employment terminated in April 2006 would prevent defendant from seeking dismissal as a matter of law, but if so, plaintiff was mistaken. The Answer sets forth this indisputable fact, and Rule 12(c) provides for a motion for dismissal of an action on the pleadings. Given the rule of law that is dispositive of this action, the conduct of discovery to precede a motion for summary judgment here would be wasteful and inefficient. Rather than consider this a motion for summary judgment, therefore, defendant believes it can, and should, be granted on the pleadings.

HOGUET NEWMAN REGAL & KENNEY, LLP

Honorable Richard Berman
August 15, 2007
Page 3

      We request oral argument on defendant's motion to dismiss.

                                                           Respectfully submitted,

                                                          Laura B. Hoguet

cc:    Zeynel Karcioglu, Esq.
        36 East 20th Street, 6th Floor
        New York, New York 10003

---

PLAINTIFF TO RESPOND WITH BRIEF (2-3 pp)
LETTER BY 8/24/07. CONFERENCE
SCHEDULED FOR 9/4/07 AT 11:00 A.M.

SO ORDERED:
Date: 8/16/07    *Richard M. Berman*
Richard M. Berman, U.S.D.J.