UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUGLIELMO PERNIS,                                :     Civil Action No.:
                                                 :     07 CV 5787
        Plaintiff,                              :
                                                 :     Judge Berman
    -against-                                   :
                                                 :
RICHTER + RATNER CONTRACTING CORP.,              :
                                                 :
        Defendant.                              :
                                                 :
                                                 :
------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS


HOGUET NEWMAN REGAL & KENNEY, LLP

10 East 40th Street
New York, New York 10016
(212) 689-8808

*Attorneys for Defendant*


Of Counsel:

Laura B. Hoguet
Randi Seltzer May

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

FACTS ........................................................................................................................2

ARGUMENT ..............................................................................................................4

    I.    PLAINTIFF FAILS TO STATE A CLAIM
         FOR BREACH OF CONTRACT..................................................................4

         A.  New York Law Bars The Recovery of Commissions Here ...............5

         B.  The 2004 Written Agreement Superseded
             The 2000 Agreement As A Matter of Law .........................................7

    II.   PLAINTIFF'S ALLEGED AGREEMENT FOR COMMISSIONS
         IS VOID UNDER THE STATUTE OF FRAUDS..................................9

    III.  PLAINTIFF IS NOT ENTITLED TO SPECIFIC PERFORMANCE ....11

    IV.  PLAINTIFF'S CLAIMS FOR UNJUST ENRICHMENT AND
         QUANTUM MERUIT ARE BARRED BY THE CONTRACT
         AND THE STATUTE OF FRAUDS ......................................................12

    V.   PLAINTIFF FAILS TO STATE A CLAIM FOR WAGES....................13

CONCLUSION.........................................................................................................14

# **TABLE OF AUTHORITIES**

## **CASES**

Barnum v. Millbrook Care Ltd. Partnership, 850 F. Supp. 1227 (S.D.N.Y.), aff'd, 43 F.3d 1458 (2d Cir. 1994).................................................................................7

Baytree Associate Inc. v. Forster, 240 A.D.2d 305, 659 N.Y.S.2d 19 (1st Dep't 1997)..................................................................................................10

Braten v. Bankers Trust Co., 60 N.Y.2d 155, 468 N.Y.S.2d 861 (1983) ..........................8

Cho v. 401-403 57th St. Realty Corp., 300 A.D.2d 174, 752 N.Y.S.2d 55 (1st Dep't 2002)..................................................................................................11

City of Yonkers v. Otis Elevator Co., 844 F.2d 42 (2d Cir. 1988)...................................12

Conley v. Gibson, 355 U.S. 41 (1957).................................................................................4

Doherty v. N.Y. Telegraph Co., 202 A.D.2d 627, 609 N.Y.S.2d 306 (2d Dep't 1994) ..................................................................................................7, 8

Eclair Advisor Ltd., v. Jindo America, Inc., 39 A.D.3d 240, 833 N.Y.S.2d 440 (1st Dep't 2007)..................................................................................................12

Freedman v. Chemical Construction Corp., 43 N.Y.2d 260, 401 N.Y.S.2d 176 (1977)........................................................................................10

Frishberg v. Esprit de Corp. Inc, 778 F. Supp. 793 (S.D.N.Y. 1991), aff'd, 969 F.2d 1042 (2d Cir. 1992) (table) ..................................................................5

Ghaffari v. Rima Investors Corp., 266 A.D.2d 111, 698 N.Y.S.2d 680 (1st Dep't 1999) ..............................................................................................................10

Goldmark Associates v. Tech. Erectors, Inc., No. 87 Civ. 5018, 1990 WL 89369 (S.D.N.Y. June 18, 1990).................................................................................13

H & H Poultry Corp. of N.Y. v. MBPXL Corp., 95 Misc. 2d 895, 408 N.Y.S.2d 602 (Sup. Ct. N.Y. Co. 1978) .............................................................................11

Independent Energy Corp. v. Trigen Energy Corp., 944 F. Supp. 1184 (S.D.N.Y. 1996)..............................................................................................7, 8

Mackie v. La Salle Industrial Inc., 92 A.D.2d 821, 460 N.Y.S.2d 313 (1st Dep't), appeal dismissed, 60 N.Y.2d 612 (1983).........................................................6

McGimpsey v. J. Robert Folchetti & Associates, LLC, 19 A.D.3d 658, 798 N.Y.S.2d 498 (2d Dep't 2005) ........................................................................6

Metzler v. Harris Corp., No. 00 Civ. 5847, 2001 WL. 194911 (S.D.N.Y. Feb. 26, 2001) ...................................................................................................... 11

Murphy v. Gabelli, No. 93 Civ. 1539, 1994 WL. 560982 (S.D.N.Y. 1994) ...................... 11

Prod. Co., v. Vision Corp., 270 A.D.2d 922, 706 N.Y.S.2d 289 (4th Dep't 2000) ............ 12

Seven Star Shoe Co. v. Strictly Goodies, Inc., 628 F. Supp. 1237 (S.D.N.Y. 1986) ........ 13

Smalley v. Dreyfus Corp., 40 A.D.3d 99, 832 N.Y.S.2d 157 (1st Dep't. 2007) ................ 12

Swits v. N.Y. System Exch., Inc., 281 A.D.2d 833, 722 N.Y.S.2d 300 (3d Dep't 2001) ........................................................................................................ 6

UWC, Inc. v. Eagle Industrial, 213 A.D.2d 1009, 624 N.Y.S.2d 321 (4th Dep't 1995) ...................................................................................................... 6

Zaveri v. Rosy Blue, Inc., 4 A.D.3d 146, 771 N.Y.S.2d 517 (1st Dep't 2004) .............. 6, 12

## STATUTES

F.R.C.P. Rule 12(b)(6) ............................................................................................................ 1

N.Y. Gen. Obligations Law § 5-701 (a) ................................................................................ 9

N.Y. Gen. Obligations Law § 5-701 (a)(10) .......................................................................... 9

N.Y. Labor Law § 190(1) ..................................................................................................... 13

N.Y. Labor Law § 191a(a) and (b) ....................................................................................... 13

## **PRELIMINARY STATEMENT**

Defendant Richter + Ratner Contracting Corp. ("defendant") respectfully submits this memorandum of law in support of its motion to dismiss the Amended Complaint in its entirety, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In this diversity action plaintiff, a sales representative, sues for $85,000 in commissions that allegedly became payable after his employment with the defendant ended. New York law dooms plaintiff's action to defeat because the parties' written at-will employment agreement, which provided for plaintiff to receive a 1% commission on customers he introduced to defendant, did not provide for payment of post-employment commissions. In an effort to tack around this problem, the Amended Complaint alleges that, four years before they entered into the written employment agreement, the parties agreed orally that plaintiff would receive a 1% commission for introducing customers to defendant *and* that he would be paid this commission as long as defendant and the client did business, without regard to whether he was still working for defendant. Finding the missing term in a prior oral agreement does not solve plaintiff's problem, however, because the parties' subsequent written agreement superseded the oral one as a matter of law, *and* because Section 5-701(a)(10) of the Statute of Frauds renders unenforceable an agreement to procure business introductions that is not in writing in any event. As plaintiff's contract claim must fail, his additional claims, for specific performance, unjust enrichment, quantum meruit and unpaid wages, are equally defective. On any theory, in short, plaintiff does not have an enforceable legal right to the commissions he seeks to recover in this action, and his Amended Complaint must be dismissed.

## FACTS

This motion is based on the facts alleged in the Amended Complaint, which are as follows:

Defendant is in the construction business, specializing particularly in building luxury retail stores. Amended Complaint ¶¶ 6, 7 (hereafter "Compl.," attached, together with its exhibits, as Exhibit A to the Declaration of Laura B. Hoguet, sworn to October 16, 2007 submitted herewith). According to the Amended Complaint, plaintiff Pernis entered into "a contract" with defendant in 2000 "whereby Plaintiff, acting as an independent contractor, would provide Defendant with sales services in return for one percent (1%) of Defendant's total gross receipts from those clients that Plaintiff was responsible for introducing to Defendant, and for whom Defendant provided construction services...." Compl. ¶ 8. Under this 2000 agreement, according to the Amended Complaint, "Plaintiff was to use his professional contracts and leads to introduce clients to Defendant" and defendant was to pay the 1% commission on its receipts "for as long as Defendant did business with that client" and "regardless of whether Mr. Pernis worked for Defendant." Compl. ¶¶ 10, 13. The Amended Complaint does not allege that this "agreement" was in writing, and it must therefore be assumed to have been oral.

The Amended Complaint further alleges that, on May 21, 2004---four years after entering into to the alleged 2000 agreement---plaintiff and defendant entered into a written agreement. Compl. ¶ 19. This written agreement, Exhibit A to the Amended Complaint, states that the parties

2

> "confirm...that the compensation agreement for Mr. Pernis is composed of:
>
> A base gross salary of $40,000 plus employment group benefits, effective June 1, 2004. The base is intended to compensate Mr. Pernis for the marketing functions performed on behalf of R + R [Richter and Ratner].
>
> Additionally, a commission agreement, entered into between Michael Ratner and Guglielmo Pernis in the Year 2000 whereby all the work done by Guglielmo Pernis exclusively on behalf of Richter + Ratner is to be compensated by a straight percentage of 1% (one percent) to be calculated on the Gross (total) billings paid to Richter + Ratner, inclusive of change orders, by the following Companies and/or their subsidiaries for specific clients as follows for commission: [here follow 24 client names, including Bulgari Jewelers].

The Amended Complaint also attaches, as Exhibit B, a 2005 letter from defendant's President confirming to plaintiff that he is "solely responsible for introducing Bulgari Jewelers to our company and that any business we conduct with Bulgari will be compensated to you with 1% of the gross contract value(s) as set forth in your general commission agreement with Richter & Ratner." Compl. ¶ 21, Ex. B.

After the May 2004 agreement, according to the Amended Complaint, plaintiff was paid, "in return for the marketing services he provided," a salary plus benefits as an employee. Compl. ¶ 22. However, in April 2006, defendant terminated plaintiff Pernis' employment without cause. Compl. ¶ 24. The Amended Complaint alleges that, at the time of the termination, defendant "acknowledged that defendant would continue to pay plaintiff under the [2000 agreement]" and did continue the payments for eight months, after which defendant advised plaintiff that it was discontinuing the payments. Compl. ¶ 25, 27. Plaintiff alleges that his "damages to date" by reason of defendant's alleged breach are not less than $85,000. Compl. ¶ 40.

## ARGUMENT

The Amended Complaint must be dismissed under Rule 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Here, plaintiff alleges a right to 1% of defendant's gross revenues on all future business with 24 specified clients, but each of the five claims for relief that plaintiff pleads to support this claim is legally deficient, and the Amended Complaint must therefore be dismissed in its entirety.

New York law is clear that a sales representative is not entitled to commissions after his employment ends unless the parties' agreement so provides, and the employment agreement between the parties in this case contains no such provision. Plaintiff attempts to avoid this rule of law by suing under the agreement he claims the parties made in 2000 (as distinct from their 2004 written employment agreement), but the rule that a subsequent written agreement supersedes a prior oral one bars this door and so, obviously, does the Statute of Frauds, as Section 5-701(a)(10) renders unenforceable an oral contract for business introductions. The same rules that bar plaintiff from recovering for breach of contract on his first claim for relief, preclude his recovery on his additional claims for unjust enrichment, specific performance, failure to pay wages under New York Labor Law, and quantum meruit. Therefore, the Amended Complaint must be dismissed.

## I. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT

As alleged in the Amended Complaint, plaintiff was party to a written agreement with the defendant, entered into in 2004, that provides for payment to him of a 1% commission on revenues received by defendants from clients introduced by plaintiff.

Compl. ¶ 19, Ex. A. Why does plaintiff bring this suit, not for breach of the 2004 agreement, but instead for breach of an alleged 2000 agreement for the same 1% commission? The transparent answer to this question is that New York law bars an employee from recovering sales commissions after his employment ends unless the parties otherwise expressly agree, and the 2004 written agreement contains no provision that continues plaintiff's right to receive commissions after his employment ends. Plaintiff seeks to escape this reality by suing on an alleged oral agreement between himself and the defendant entered into four years before the written agreement, claiming that in that earlier agreement, defendant did indeed promise to pay the commissions "from any business it conducted with a client Mr. Pernis introduced to it- for as long as Defendant did business with that client." Compl. ¶ 10. Once again, however, plaintiff's road is blocked by a rule of law: a party to a written agreement cannot vary its terms by claiming that an earlier oral agreement contained a different or additional term.

    A.    <u>**New York Law Bars The Recovery of Commissions Here**</u>

New York law "clearly states that a sales representative employed at will is not entitled to commissions after the relationship has been terminated" absent an express contractual provision to the contrary. <u>Frishberg v. Esprit de Corp. Inc</u>, 778 F. Supp. 793, 803 (S.D.N.Y. 1991), <u>aff'd</u>, 969 F.2d 1042 (2d Cir. 1992) (table), <u>motion to vacate denied</u>, No. 90 Civ. 5150, 1993 WL 403980 (S.D.N.Y. Oct. 6, 1993) (granting summary judgment dismissing plaintiff's contract claim for commissions because the "agreement does not refer to a right to indefinite future commissions.").

New York state courts have consistently held that absent an express contractual provision, employees are not entitled to post-discharge commissions. <u>See</u> <u>e.g.</u>,

McGimpsey v. J. Robert Folchetti & Assocs., LLC, 19 A.D.3d 658, 798 N.Y.S.2d 498 (2d Dep't 2005) (reversing denial of summary judgment where the commission agreement did not expressly provide for post-termination commissions); Zaveri v. Rosy Blue, Inc., 4 A.D.3d 146, 771 N.Y.S.2d 517 (1st Dep't 2004) (granting summary judgment finding that absent a specific and definite contract provision plaintiff is not entitled to recover post-termination commissions); Swits v. N.Y. Sys. Exch., Inc., 281 A.D.2d 833, 835, 722 N.Y.S.2d 300, 302 (3d Dep't 2001) (affirming summary judgment on plaintiff's breach of contract claim for post-termination commissions finding that "'[a]at-will sales representative is entitled to post-discharge commissions 'only if the parties expressly provided for such compensation.'" (internal citations omitted); UWC, Inc. v. Eagle Indus., 213 A.D.2d 1009, 624 N.Y.S.2d 321 (4th Dep't 1995), leave to appeal denied, 85 N.Y.2d 812, 651 N.Y.s.2d 288 (1995) (reversing denial of summary judgment on claim for post-discharge commissions because the employment agreement did not expressly provide for post-termination commissions); Mackie v. La Salle Indus. Inc., 92 A.D.2d 821, 822, 460 N.Y.S.2d 313, 315 (1st Dep't), appeal dismissed, 60 N.Y.2d 612 (1983) (affirming summary judgment on plaintiff's claims for prospective commissions, finding that it "is a settled principle of law that a sales representative, hired at will, is not entitled to commissions after the termination of employment") (citations omitted).

Here, the parties' 2004 written agreement, which sets forth the terms of plaintiff's at-will employment by the defendant, does not state that commissions will continue to be payable after the employment ends. Hence, under New York law which governs this diversity action, plaintiff's claim for commissions after his employment ended must be dismissed.

### B. The 2004 Written Agreement Superseded The 2000 Agreement As A Matter of Law

When the parties entered into the 2004 written agreement providing for plaintiff's compensation, consisting of a base salary and employment benefits for his marketing services plus the 1% commission for his sales services, Compl. Ex. B, that subsequent written agreement superseded and merged into any prior oral agreement for payment of commissions for such services.

New York law is clear that a subsequent written contract supersedes a prior oral contract concerning the same subject matter. Doherty v. N.Y. Tel. Co., 202 A.D.2d 627, 609 N.Y.S.2d 306 (2d Dep't 1994) (affirming motion to dismiss claim for breach of oral agreement because the subsequent written agreement showed the parties' intent that constituted the entire agreement and superseded the previous oral agreement); Indep. Energy Corp. v. Trigen Energy Corp., 944 F. Supp. 1184, 1195 (S.D.N.Y. 1996) (granting summary judgment on claim for breach of oral agreement). In Trigen, as here, the plaintiff argued that the oral agreement survived the subsequent written agreement addressing the same subject matter, and was separately enforceable. The court rejected this argument because "[p]rior agreements and negotiations are deemed to merge and be subsumed in a later written agreement," Id. at 1195, and the written agreement supersedes any rights the plaintiff may have had under the prior oral agreement. The same rule applies whether or not the prior agreement is not oral. See, e.g., Barnum v. Millbrook Care Ltd. P'ship, 850 F. Supp. 1227, 1236 (S.D.N.Y.), aff'd, 43 F.3d 1458 (2d Cir. 1994) (granting motion to dismiss and finding that "[i]t is well-established that a subsequent contract regarding the same matter will supersede the prior contract") (citations omitted).

7

Accordingly, once plaintiff and defendant executed the 2004 written agreement, the 2000 agreement was superseded and the 2004 agreement became the expression of the parties' agreement on the subject of defendant's compensation, including commissions. Evidence of a prior oral agreement cannot be received to contradict the parties' written agreement in any event. See, e.g., Braten v. Bankers Trust Co., 60 N.Y.2d 155, 468 N.Y.S.2d 861 (1983) (affirming dismissal, and holding that evidence of an oral agreement prior to execution of an integrated written agreement may not be considered to contradict the terms of the written agreement); Doherty, 202 A.D.2d at 627, 609 N.Y.S.2d at 307 (parol evidence rule bars evidence of any action to enforce the oral agreement because the written agreement is clear and complete on its face); Trigen, 944 F. Supp at 1196 (no parol evidence of oral agreement with significantly different terms from the written agreement).

This same rule applies even when, as here, the parties' subsequent agreement does not contain a "merger clause" that expressly merges prior agreements in the subsequent one. Trigen, 944 F. Supp. at 1196 (the letter agreement was a fully integrated agreement absent a merger clause because it fully addressed the issue, which was reimbursement of expenses barring parol evidence). Put another way, a "merger clause" is not necessary to ensure that a subsequent agreement will supersede a previous one, but is rather expressive of the law that merger is effected when this circumstance occurs.

Here, though there is no express "merger clause," the parties' written agreement by its terms expresses their intent to reflect their complete, integrated agreement on the terms of plaintiff's compensation. As a matter of law, plaintiff cannot be heard to argue that an alleged oral agreement in 2000 to pay commissions without regard to whether the

relationship between the parties remained in effect after they entered into a written agreement in 2004 agreement that contained no such term. The parties' 2004 written employment agreement is complete, clear and unambiguous concerning plaintiff's compensation, and since it concerns the identical subject matter as the alleged prior oral agreement, it is superseded by the written agreement which, as a matter of law, does not support the claim plaintiff asserts in this action.

II. **PLAINTIFF'S ALLEGED AGREEMENT FOR COMMISSIONS IS VOID UNDER THE STATUTE OF FRAUDS**

According to the Amended Complaint, defendant engaged plaintiff, under the 2000 contract, to "use his professional contacts and leads to introduce clients to defendant," Compl. ¶ 10; see also, Compl. ¶ 8. The Amended Complaint conspicuously omits to allege that the 2000 agreement upon which plaintiff sues was in writing, and thus what plaintiff has pleaded is an oral agreement.

In New York, contracts to pay compensation for services rendered in the form of procuring an introduction – precisely what plaintiff alleges he did here – must be in writing in order to be enforceable, N.Y. GEN. OBLIGATIONS LAW § 5-701 (a)(10).

Section 5-701(a) provides, in pertinent part, as follows:

> Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed to the party to be charged therewith. ..., if such agreement, promise or undertaking:
>
> > (10) Is a contract to pay compensation for services rendered . . . in negotiating the purchase, sale, exchange, . . . of a business opportunity. ... 'Negotiating' includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction. This provision shall apply to a contract implied in fact or in law to pay reasonable compensation. . .

N.Y. GEN. OBLIGATIONS LAW § 5-701 (a) and § 5-701(a)(10).

9

This statute requires that an agreement entitling one party to a finder's fee for referring business is void unless it is in writing. See, e.g., Baytree Assoc. Inc. v. Forster, 240 A.D.2d 305, 659 N.Y.S.2d 19, 20 (1st Dep't 1997) (reversing trial court and dismissing the claim for commissions based on an oral contract as "nothing more than a finder's agreement void under the Statute of Frauds").

The New York Court of Appeals has held that contracts calling on one party to use his "know-who" or "know-how" is precisely the kind of arrangement that must be in writing under the General Obligations Law. Freedman v. Chem. Constr. Corp., 43 N.Y. 2d 260, 401 N.Y.S.2d 176 (1977). In Freedman, plaintiff sought commissions under an oral contract where defendant engaged him for a limited purpose – to use his "connections," his "ability" and knowledge to arrange for defendant to meet with appropriate people and somehow procure the opportunity for defendant to build a construction project. The court held that plaintiff acted as an intermediary such that his work was a negotiation of a "business opportunity" and that this statutory provision "applies to various kinds of intermediaries who perform limited services in the consummation of certain kinds of commercial transactions." Id. at 266, 401 N.Y.S.2d at 180. Accordingly, in Freedman, the contract for commissions was void under section 5-701(a)(10) of the General Obligations Law.

Here, plaintiff claims that he was engaged under the 2000 agreement to "introduce" clients to defendant in exchange for a 1% commission. This agreement falls clearly within the parameters of Section 5-701(10) and is, therefore, barred. The First Department so held on facts virtually identical to these in Ghaffari v. Rima Investors Corp., 266 A.D.2d 111, 698 N.Y.S.2d 680 (1st Dep't 1999). In Ghaffari, plaintiff alleged

that her former employer breached an oral agreement to pay her 20% commissions on sales to customers she referred. The court granted the defendant's motion for summary judgment, finding that the claim must be dismissed because it was subject to Section 5-701(a)(10) of the General Obligations Law.[1] Federal courts have similarly applied this provision of the statute to invalidate commission claims such as that asserted here: Metzler v. Harris Corp., No. 00 Civ. 5847, 2001 WL 194911 (S.D.N.Y. Feb. 26, 2001) (claim barred on agreement to pay post-termination commissions over life of contract that plaintiff originated); Murphy v. Gabelli, No. 93 Civ. 1539, 1994 WL 560982 (S.D.N.Y. 1994), on reconsideration, 1994 WL 704779 (S.D.N.Y. Dec. 16, 1994) (claim barred on agreement to pay former employee perpetual commissions).

### III. PLAINTIFF IS NOT ENTITLED TO SPECIFIC PERFORMANCE

Plaintiff's claim for specific performance is the same as his claim for breach of contract and must be dismissed for the same reasons as that claim. Specific performance is not a cause of action standing alone but is rather an equitable remedy that may be appropriate when money damages are inadequate to protect the expectation interest of the protected party. Cho v. 401-403 57th St. Realty Corp., 300 A.D. 2d 174, 752 N.Y.S.2d 55 (1st Dep't 2002). Here also, money damages are adequate (and plaintiff indeed pleads his right to them in his specific performance claim, see Compl. ¶ 44). Because the

---

[1] Plaintiff's claim is also void under Section 5-701(a)(1) of the General Obligations Law, which requires contracts to be in writing that are not to be performed within one year. Plaintiff alleges that the 2000 oral agreement required defendant to pay commissions on revenues from each client introduced by him "as long as that client did business with Defendant, regardless of whether Mr. Pernis worked for defendant," Compl. ¶ 10, 13. This agreement is not capable of being performed within a year because it would continue to exist, by its terms, into indefinite future. See, H & H Poultry Corp. of N.Y. v. MBPXL Corp., 95 Misc. 2d 895, 408 N.Y.S.2d 602 (Sup. Ct. N.Y. Co. 1978) and cases cited therein.

Amended Complaint fails to state a claim for breach of contract, and because it fails to show the inadequacy of legal relief, plaintiff's claim for specific performance must be dismissed.

IV. **PLAINTIFF'S CLAIMS FOR UNJUST ENRICHMENT AND QUANTUM MERUIT ARE BARRED BY THE CONTRACT AND THE STATUTE OF FRAUDS**

Plaintiff fails to state a claim for unjust enrichment and quantum meruit because these claims are based on the same allegations as his breach of contract claim. See, e.g., City of Yonkers v. Otis Elevator Co., 844 F.2d 42 (2d Cir. 1988) (dismissing quasi-contract claim because that relief is unavailable where the subject matter is covered by an express contract); McGimpsey, 19 A.D.3d at 658, 798 N.Y.S.2d at 498 (reversing denial of summary judgment because the existence of the commission agreement precluded recovery under an unjust enrichment theory for the events arising out of the same subject matter as the contract); Prod. Co., v. Vision Corp., 270 A.D.2d 922, 706 N.Y.S.2d 289 (4th Dep't 2000) (affirming summary judgment on post-termination commissions claim finding that plaintiff may not recover on an unjust enrichment theory where a valid and enforceable contract covers such claims); Eclair Advisor Ltd., v. Jindo Am., Inc., 39 A.D.3d 240, 833 N.Y.S.2d 440 (1st Dep't 2007) (dismissal of quantum meruit and unjust enrichment claims were proper where agreements covered the same subject matter); Smalley v. Dreyfus Corp., 40 A.D.3d 99, 832 N.Y.S.2d 157 (1st Dep't. 2007) (affirming dismissal of quantum meruit claim for bonuses where contract covered the bonus). Accordingly, the unjust enrichment and quantum meruit claims must be dismissed.

Additionally, "New York courts have specifically applied [the] writing requirement [of section 5-701(a)(10)] to claims for commissions brought under both

contract and quantum meruit theories." <u>Seven Star Shoe Co. v. Strictly Goodies, Inc.</u>, 628 F. Supp. 1237, 1239 (S.D.N.Y. 1986) (dismissing claim for commissions in procuring customer orders under unjust enrichment theory as barred by section 5-701(a)(10)). "New York courts have applied the writing requirement of [section 5-701(a)(10)] to claims for commissions sought for breach of implied contract, quasi-contract, and quantum meruit." <u>Goldmark Assocs. v. Tech. Erectors, Inc.</u>, No. 87 Civ. 5018, 1990 WL 89369, at *5 (S.D.N.Y. June 18, 1990) (dismissing claim for "unjust enrichment and work, labor, and services" because "section 5-701(a)(10) applies to contracts implied in law and in fact to pay reasonable compensation, as well as to express contracts."

V.  **PLAINTIFF FAILS TO STATE A CLAIM FOR WAGES**

The Amended Complaint does not plead a legally sufficient claim for wages under New York's Labor Law. Plaintiff has not pleaded that the 2000 oral agreement pertained to an employment; instead, he alleges that, under the 2000 agreement, he was an independent contractor and not an employee under the Labor Law at all, rendering the New York Labor Law's "wages" provisions wholly inapplicable. N.Y. LABOR LAW § 190(1).

And, if plaintiff were seeking commissions under the 2004 written agreement that did pertain to an employment, then it is clear under the Labor Law that his entitlement to such compensation ended with his employment because by the terms of the agreement, no compensation was earned after his employment ended. N.Y. LABOR LAW § 191-a(a) and (b). Here again, while labeled differently, plaintiff seeks post-termination

13

commissions which are not provided for in the employment agreement, providing an additional reason why the claim must fail.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Amended Complaint be dismissed in its entirety, with prejudice.

Dated: New York, New York
       October 16, 2007

>                        Respectfully submitted,
>
>                        HOGUET NEWMAN REGAL & KENNEY, LLP
>
>
>                        By: /s/ Laura B. Hoguet
>                            Laura B. Hoguet (LH-7465)
>                            Randi Seltzer May (RS-7115)
>
>                        10 East 40th Street
>                        New York, New York 10016
>                        (212) 689-8808
>
>                        *Attorneys for Defendant*